IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEANDER WEIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1182-D |
| | ) |
| GREEN ACRES ENTERPRISES, INC.; | ) (Remanded to Beckham County |
| DAVID MISENER; and | ) District Court, Case No. |
| COMMUNICATING FOR AGRICULTURE | ) CJ-2025-93) |
| EXCHANGE PROGRAM, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 10]. Defendant CAEP, LLC[1] filed a response [Doc. No. 16], to which Plaintiff replied [Doc. No. 19]. Thereafter, the Court permitted CAEP, LLC to file a sur-reply [Doc. No. 23]. The matter is fully briefed and at issue.

Plaintiff moves to remand this action to the District Court of Beckham County, Oklahoma, pursuant to the "forum defendant rule," as set forth in 28 U.S.C. § 1441(b)(2). CAEP, LLC's Notice of Removal [Doc. No. 1] expressly states that removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). CAEP, LLC represented that Plaintiff is domiciled in Germany; CAEP, LLC is a citizen of Minnesota; and Defendants Green Acres Enterprises, Inc. (Green Acres) and David Misener are citizens of Oklahoma

---

[1] In its Notice of Removal [Doc. No. 1], CAEP, LLC notifies the Court that it was incorrectly named "Communicating for Agriculture Exchange Program" in Plaintiff's petition.

1

[Doc. No. 1, at ¶ 4]. No other basis for federal jurisdiction is identified in the notice of removal.

Pursuant to 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, because Green Acres and David Misener are Oklahoma citizens, CAEP, LLC's removal of this action was improper. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (noting that pursuant to 28 U.S.C. § 1441(b)(2), a case may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the state-court action was brought).

In response to Plaintiff's motion to remand, CAEP, LLC concedes that "based upon the forum defendant rule, diversity of citizenship is no longer viable grounds upon which the Court should retain jurisdiction over this matter." [Doc. No. 16, at 2]. However, CAEP, LLC asserts—for the first time—that federal-question jurisdiction exists because "the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Id.* at 5 (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). As the removing party, CAEP, LLC must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

As Plaintiff correctly notes, CAEP, LLC did not include federal-question jurisdiction as a basis for removal in its Notice of Removal [Doc. No. 1], and CAEP, LLC has not sought leave to amend its notice. "It is well settled that a removal pleading must contain a sufficient statement of the grounds for removal so that 'the opposing party may

take issue, by a motion to remand, with what is alleged in the petition.'" *Hanson v. Dollar General*, Case No. CIV-21-362-D, 2021 WL 2026452, at *3 (W.D. Okla. May 20, 2021) (citing *Chesapeake & Ohio Rwy. Co. v. Cockrell*, 232 U.S. 146, 151-52 (1914)). Here, CAEP, LLC's informal and belated attempt to assert federal-question jurisdiction in response to Plaintiff's motion to remand is improper.

It is true that a defect in jurisdictional allegations of a party's pleading is not necessarily fatal to the party's federal case. Under 28 U.S.C. § 1653, a federal court is authorized to permit a party to amend its pleading to supply omitted jurisdictional facts under proper circumstances. "This section, however, has been construed to permit only the correction of technical defects in a notice of removal; it does not provide a vehicle by which a defendant can assert a completely new ground for removal." *Ethridge v. Prime Conduit*, No. CIV-11-1350-L, 2012 WL 400034, at *2 (W.D. Okla. Feb. 7, 2012); *see also* 14 C. Wright & A. Miller, *Fed. Prac. & Proc.* § 3733 (Rev. 4th ed.) (updated Sept. 2025) ("In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal…."). Here, CAEP, LLC has provided no sufficient reasoning to allow it to raise a new legal theory of removal without amending their removal pleading. *See Iceland Seafood Corp. v. Nat'l Consumer Co-op. Bank*, 285 F. Supp. 2d 719, 726 (E.D. Va. 2003) (rejecting party's attempt to invoke federal-question jurisdiction for the first time in response to the plaintiff's motion to remand).

For these reasons, the Court finds that CAEP, LLC has failed to establish federal jurisdiction, and remand is thus appropriate. **IT IS THEREFORE ORDERED** that

Plaintiff's Motion to Remand [Doc. No. 10] is **GRANTED**, and the case is **REMANDED** to the District Court of Beckham County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Beckham County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand. Based on the remand, the Court does not decide Defendants' Motions to Dismiss [Doc. Nos. 14, 15] and leaves those motions for the state court.

  **IT IS SO ORDERED** this 1st day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge